# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**SYLVESTER PURHAM** )<br>)<br>**Defendant.** ) | Case No.  12-CR-30019 |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Sylvester Purham's Motion for Compassionate Release (d/e 162) and his Amended Motion for Compassionate Release (d/e 167) in which Defendant requests a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  While an extraordinary and compelling reason exists warranting a review of Defendant's sentence, Defendant has not shown that such a reduction is warranted considering the sentencing factors in 18 U.S.C. 3553(a).  Therefore, Defendant's Motions (d/e 162, 167) are DENIED.

## BACKGROUND

Defendant Sylvester Purham pleaded guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841(b)(1)(A) on May 31, 2012. On June 4, 2013, the Government filed a notice of prior conviction under 21 U.S.C. § 851, citing Defendant's prior Illinois state conviction for manufacture/delivery of a controlled substance under 720 ILCS 570/401, which would trigger enhanced penalties under § 841(b)(1)(A). After an appeal to the Seventh Circuit, Defendant was eventually sentenced to 324 months' imprisonment to be followed by 10 years' supervised release. Defendant then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the Court denied on December 1, 2020.

Defendant filed a pro se Motion for Compassionate Release on November 8, 2021. (d/e 162). After the Court appointed counsel, Defendant filed an Amended Motion for Compassionate Release on December 8, 2021. (d/e 167). In each motion, Defendant argues that, were he sentenced today, he would not be subject to the enhanced penalties under § 841(b)(1)(A) and that his sentence should, therefore, be reduced.

## LEGAL STANDARD

The Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days

> from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).  Following the statute, then, "[o]nly after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'"  United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021).

## ANALYSIS

As an initial matter, Defendant has satisfied the exhaustion requirement because his initial request to the warden of USP Lee was denied on September 20, 2021.  Defendant appealed that denial on October 15, 2021 but has not yet received a response.  Because over 30 days have lapsed since Defendant appealed the

warden's denial, Defendant's motion is now properly before the Court under the exhaustion requirement of §3582(c)(1)(A).

The parties' arguments center around the Seventh Circuit's recent holding in <u>United States v. Ruth</u>, 966 F.3d 642 (7th Cir. 2021).  In <u>Ruth</u>, the Seventh Circuit considered whether a prior conviction of manufacturing with the intent to distribute cocaine in Illinois, 720 ILCS 570/401, could qualify as a predicate offense for the sentencing enhancements within 21 U.S.C. § 841.  Those enhancements raise the mandatory minimum of a defendant's sentence.  Specifically, and relevant here, the enhancement at § 841(b)(1)(A) would bring a defendant's mandatory minimum sentence to 15 years if sentenced today.  The <u>Ruth</u> Court held that Illinois' cocaine felony offense defines cocaine more broadly than § 841 to the extent that a prior conviction under the Illinois statute cannot qualify as a predicate offense to trigger § 841's enhanced penalties. 966 F.3d at 650.  Defendant argues that this change in statutory interpretation of § 841's enhancement is substantive, retroactively applicable to his case, and an extraordinary and compelling reason warranting a reduction in his sentence.

The Government contests whether Ruth's holding is retroactive and, therefore, properly brought under the compassionate release statute, 18 U.S.C. §3582(c)(1)(A). The Government argues that, following the Seventh Circuit's decision in United States v. Thacker, 4 F.4th 569 (7th Cir. 2021), Ruth cannot be either retroactive or an extraordinary and compelling reason warranting a sentence reduction. In Thacker, the Seventh Circuit considered whether the First Step Act's amendments to the stacking provisions of 18 U.S.C. § 924(c) could warrant a sentence reduction under the compassionate release statute. The Court held that the amendments could not because the compassionate release statute "cannot be used to effect a sentencing reduction at odds with Congress's express determination . . . that the amendment to § 924(c)'s sentencing structure apply only prospectively." 4 F.4th at 574.

The law at issue in the present case is different from that in Thacker. Unlike the statute in Thacker, here there is no express determination that Ruth's holding cannot be retroactive or amount to an extraordinary and compelling reason warranting a sentence reduction. Thacker involved a defendant's ability to use the

compassionate release statute to request a reduction in sentence based on statutory changes in how sentences are calculated. In contrast, Ruth is a binding decision by the Seventh Circuit Court of Appeals and a result of judicial statutory interpretation. It is not a statute which Congress expressly stated would only apply prospectively. See 4 F.4th at 574. Moreover, the Thacker Court expressly limited its ruling to the inapplicability of the compassionate release statute as it related to the stacking provision in § 924(c). 4 F.4th at 575 ("In the end, our conclusion is limited. We hold only that the discretionary sentencing reduction authority conferred by § 3582(c)(1)(A) does not permit . . . the reduction of sentences lawfully imposed before the effective date of the First Step Act's amendment to § 924(c).") Section 924(c)'s stacking provisions are not an issue in the present case. As a result, Thacker is not on point, and the Court must instead determine whether Ruth is a retroactive change in substantive law applicable to Defendant's case. It is.

Generally, new constitutional rules of criminal procedure announced by courts are not retroactive in application. Welch v. United States, 578 U.S. 120, 128 (2016) (quoting Teague v. Lane,

489 U.S. 288, 310 (1989)). However, decisions which announce either new substantive rules or "watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding" will apply retroactively. Id. (cleaned up).

The Seventh Circuit's decision in Ruth is both substantive and a watershed decision. The Court's holding announced that Illinois' statute criminalizing the manufacture and distribution of cocaine is constitutionally overbroad as applied to § 841's sentencing enhancements because the Illinois's statutory definition of cocaine contemplates more geometric isomers than its federal counterpart. Ruth, 966 F.3d at 647. As a result, the § 841 sentencing enhancement cannot apply to defendants previously convicted under 720 ILCS 570/401. This significant change in statutory interpretation narrowed the "the substantive reach" of § 841's enhanced penalties, "altering the range of conduct or class of persons" subject to it. Welch, 578 U.S. at 129. Where, as here, a judicial decision interpreting a federal statute does so and "affect[s] the reach of the underlying statute," the decision is substantive and retroactive. Welch, 578 U.S. at 130 (citing Teague, 489 U.S. 288).

Therefore, the Seventh Circuit's decision in Ruth is retroactive, and the resulting change in sentencing law constitutes an extraordinary and compelling reason which may warrant a reduction in sentence.

But while an extraordinary and compelling reason exists, the Court denies Defendant's request for a sentence reduction. As an initial matter, Defendant's United States Sentencing Guideline range would not change if he had been sentenced without the § 841 enhancement. At Defendant's sentencing hearing, the Court calculated Defendant's applicable sentencing guideline range of imprisonment as 360 months to life. Sent. Tr. (d/e 125) 17:14–20. This guideline range was the result of multiple enhancements to Defendant's base offense level, none of which was the result of his prior Illinois conviction. These enhancements included enhancements for having a co-conspirator purchase a firearm for Defendant, for making threats of violence against two individuals, for using multiple residences during his crime, and for acting as a manager of the conspiracy. Id. at 15:21–16:12. Moreover, as the Government noted at sentencing, Defendant managed the conspiracy for which he was convicted—which was also one of the largest drug trafficking organizations in Quincy in 2010 and 2011—

while already in custody within the Illinois Department of Corrections.  Id. at 19:19–20:13.  Therefore, not only did the § 841 enhancement have a negligible effect on Defendant's final sentence, the sentencing factors of 18 U.S.C. 3553(a)—namely, the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of Defendant's offense—weigh against disturbing Defendant's imposed sentence.

The Court also considers Defendant's history since sentencing. While in prison, Defendant has committed multiple infractions. These include threatening bodily harm, possessing a dangerous weapon and unauthorized items, multiple instances of possessing and using drugs and alcohol, and multiple instances of possessing a hazardous tool.  Additionally, Defendant was convicted of possessing contraband in prison in the District of Colorado case number 16-cr-00238 and sentenced to an additional 27 months' imprisonment and 3 years' supervised release.  Clearly, the sentence imposed is still necessary to afford adequate deterrence and to protect the public from further crimes of Defendant.

Defendant also argues that the Court should consider the current 18:1 crack-to-powder cocaine sentencing disparity as

weighing in favor of a sentence reduction. As Defendant notes, though, the Court already considered the disparity when sentencing Defendant to 324 months' imprisonment—36 months below the bottom of his advisory guideline range. While Defendant also notes that the House of Representatives recently passed a bill which would lower the crack-to-powder disparity to 1:1, H.R. 1693, 117th Cong. (2021), the bill has yet to become law, so the Court will not consider the bill in making its determination. As the law stands now, the Court determines that Defendant's sentence remains sufficient but not greater than necessary to comply with the purposes of the sentencing factors set out in 18 U.S.C. § 3553(a).

## CONCLUSION

Because the sentencing factors set out in 18 U.S.C. 3553(a) weigh against granting Defendant a reduction in sentence, his Motion for Compassionate Release (d/e 162) and Amended Motion for Compassionate Release (d/e 167) are DENIED.

**IT IS SO ORDERED.**
**ENTERED: January 6, 2022**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**