IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-30019 |
| SYLVESTER PURHAM, | ) |
| Defendant. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Sylvester Purham's Motion for Reconsideration (d/e 173) on his previous Amended Motion for Compassionate Release (d/e 167). In light of recent decisions from the Seventh Circuit Court of Appeals, the Court VACATES the Court's prior Opinion and Order in this case (d/e 172) while DENYING the Motion for Reconsideration.

Shortly before the Court entered its initial Opinion and Order on Defendant's Amended Motion for Compassionate Release (d/e 172) [1], the Seventh Circuit Court of Appeal decided the case <u>United</u>

---

[1] The Court incorporates by reference the factual background articulated in its previous Opinion and Order (d/e 172) and does not repeat itself here.

States v. Martin, 21 F.4th 944 (7th Cir. 2021). In that case, the Seventh Circuit held that "a claim of errors in the original sentencing is not itself an extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 946. "To allow otherwise," the Court held, "would circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." Id.

A different panel of three judges on the Seventh Circuit restated that central holding in an even more recent decision in United States v. Consuegra-Rojas, --F.4th--, No. 21-2606, 2022 WL 356375, at *1 (Feb. 7, 2022 7th Cir). There, the defendant raised an alleged error in his original sentence similar to the error alleged in this case. Id. at *1–*2. The defendant in that case argued that his original sentence was no longer valid in light of the Sixth Circuit's invalidation of Application Note 3(F)(i) under which the defendant was subject to an enhanced sentencing range under the U.S. Sentencing Guidelines. Id. at *2. The Consuegra-Rojas Court, citing Martin, held that such a sentencing error was not an

extraordinary and compelling reason warranting compassionate release.

In this case, Defendant Purham has argued that the Seventh Circuit's holding in United States v. Ruth, 966 F.3d 642 (7th Cir. 2021), constitutes an extraordinary and compelling reason warranting a sentence reduction under 18 U.S.C. 3582(c)(1)(A)(i). Ruth held that sentencing enhancements under 21 U.S.C. § 851 for prior Illinois state convictions for cocaine were invalid. While Ruth is certainly "both substantive and a watershed decision," Op. (d/e 172) p. 7, in light of the Seventh Circuit's holdings in Martin and Consuegra-Rojas, the Court is bound to find that Defendant Purham has not shown an extraordinary and compelling reason under 18 U.S.C. 3582(c)(1)(A)(i). The argument Defendant Purham makes is a "challenge to his original sentence" which may only be challenged "in a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate release motion." Id.

Accordingly, Defendant's Motion for Reconsideration (d/e 173) is DENIED and the Court's prior Opinion and Order (d/e 172) is VACATED. Because the Court denies Defendant's motion on the above grounds, the Court does not reach a decision on the question

of whether 18 U.S.C. 3582(c)(1)(A)(i) grants the Court authority to modify a yet-to-be served term of supervised release.

**IT IS SO ORDERED.**
**ENTERED: February 22, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**